# IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

## CENTRAL DIVISION

| | |
|---|---|
| JARVIS CHARLIE CUCH,<br><br>Petitioner,<br><br>vs.<br><br>UNITED STATES OF AMERICA,<br><br>Respondent. | MEMORANDUM DECISION AND ORDER<br><br>Case No. 2:18-CV-00836-DAK<br><br>Judge Dale A. Kimball |

This matter is before the court on Petitioner Jarvis Charlie Cuch's Petition under 28 U.S.C. § 2255 to Vacate Sentence, filed October 25, 2018. The United States has responded to the petition and the court considers the petition fully briefed. On December 11, 2017, Petitioner pled guilty to Count 1, being a felon in possession of a firearm and ammunition in violation of 18 U.S.C. § 922(g)(1); Count 2, assaulting a federal officer in violation of 18 U.S.C. § 111(a)(1) and (b); and Count 3, Using, Carrying, Brandishing and Discharging a Firearm During and in Relation to a Crime of Violence in violation of 18 U.S.C. § 924(c)(1)(A). On February 28, 2018, this court sentenced Petitioner to 144 months (24 months on Counts 1 and 2, and 120 months on Count 3) in the custody of the Bureau of Prisons. Petitioner did not appeal.

In his § 2255 motion, Petitioner argues that he is innocent of Count 3 based on a change in constitutional law from the United States Supreme Court's holding in *Sessions v. Dimaya*, 138 S. Ct. 1204 (2018). In *Dimaya*, the Court held that 18 U.S.C. § 16(b)'s definition of a "crime of violence" was unconstitutionally vague. 138 S. Ct. at 1210. Following the Court's decision in *Dimaya*, the Tenth Circuit similarly held that 18 U.S.C. § 924(c)(3)(B)'s definition of a "crime

1

of violence" was also unconstitutionally vague. *United States v. Salas*, 889 F.3d 681, 683 (10th Cir. 2018). Accordingly, the Tenth Circuit remanded the case to the district court with instructions to resentence the defendant-appellant and vacate a part of his conviction that was based on the unconstitutional language. *Id.* at 687–88. Importantly, the defendant-appellant had not previously entered into a plea agreement but had entered a plea of not guilty. *See id.* at 683.

The present case is distinguishable from *Salas*. Here, Petitioner voluntarily pled guilty and entered into a plea agreement. As a part of his plea agreement, Petitioner "knowingly, voluntarily, and expressly waive[d] [his] right to challenge [his] sentence . . . in any collateral review motion, writ or other procedure, including but not limited to a motion brought under 28 U.S.C. § 2255, except on the issue of ineffective assistance of counsel." Petitioner's motion does not raise any issue of ineffective assistance of counsel, and thus seeks relief based solely on the intervening change in law, which the Tenth Circuit has previously found to be insufficient in overcoming a plea agreement:

> The essence of plea agreements . . . is that they represent a bargained-for understanding between the government and criminal defendants in which each side foregoes certain rights and assumes certain risks in exchange for a degree of certainty as to the outcome of criminal matters. *One such risk is a favorable change in the law*. To allow defendants or the government to routinely invalidate plea agreements based on subsequent changes in the law would decrease the prospects of reaching an agreement in the first place, an undesirable outcome given the importance of plea bargaining to the criminal justice system.

*United States v. Porter*, 405 F.3d 1136, 1145 (10th Cir. 2005) (emphasis added).

Under the charges contained in Petitioner's Indictment, he faced a statutory maximum sentence of life in prison. When he entered into the plea agreement with a stipulated sentence pursuant to 11(c)(1)(C) of the Federal Rules of Criminal Procedure, Petitioner elected to assume certain risks and waived certain rights in exchange for a degree of certainty regarding the length of his sentence. Moreover, the Tenth Circuit has held that such "appeal/collateral review waivers

2

are enforceable (1) with respect to claims of error that do not render the waiver itself unlawful, even if the alleged error (2) arises out of a subsequent change in law and (3) is of a constitutional dimension." *United States v. Frazier-LeFear*, 665 F. App'x 727, 733 (10th Cir. 2016). Accordingly, the court DENIES Petitioner's § 2255 motion.

DATED this 18th day of March, 2019.

_____
DALE A. KIMBALL
United States District Judge