# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| **JARVIS CHARLIE CUCH,** <br><br> Petitioner, <br><br> vs. <br><br> **UNITED STATES OF AMERICA,** <br><br> Respondent. | **MEMORANDUM DECISION AND ORDER** <br><br> Case No. 2:18-CV-00836-DAK <br><br> Judge Dale A. Kimball |

On October 25, 2018, Petitioner Jarvis Charlie Cuch filed a motion under 28 U.S.C. § 2255 to vacate his sentence. On January 16, 2019, the court ordered the United States of America (the "Government") to respond to Petitioner's motion, which the Government did on February 19, 2019. Following the Government's response, the court entered an order denying Petitioner's § 2255 motion on March 18, 2019. Then, on March 29, 2019, Petitioner filed a motion to have the case reopened or his judgment set aside due to the Government's failure to serve him with a copy of the its response to his § 2255 motion. On April 3, 2019, the court denied Petitioner's motion to reopen the case, but the court permitted Petitioner time to file a reply once the Government served him with a copy of its response.

On April 12, 2019, Petitioner filed a motion to amend or alter judgment. In addition, he filed his reply on April 25, 2019. In both his motion to amend and his reply, Petitioner contends that his § 2255 motion should not have been dismissed. He claims that the court's dismissal was incorrectly based on the wavier in his plea agreement. While Petitioner waived his right to challenge his sentence in the plea agreement, he avers that the plea agreement does not preclude him from challenging his conviction. In his motion to set aside his sentence under § 2255,

Petitioner attacks both his sentence and his conviction. *See* Dkt. No. 1-1 at 2, 4, and 11. However, in his reply, Petitioner claims that he "did not attack his sentence," but "he attacked his conviction." *See* Dkt. No. 13 at 5. Moreover, in his reply, Petitioner raised substantive arguments—for the first time—solely attacking his conviction and not his sentence. Consequently, the Government did not address Petitioner's attack on his conviction in its response.

The court therefore directs the Government to file a sur-reply addressing Petitioner's attack on his conviction within 21 days of the date of this Order.

DATED this 13th day of June, 2019.

BY THE COURT:

DALE A. KIMBALL
United States District Judge