# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| **JARVIS CHARLIE CUCH,** Petitioner, vs. **UNITED STATES OF AMERICA,** Respondent. | **MEMORANDUM DECISION AND ORDER** Case No. 2:18-CV-00836-DAK Judge Dale A. Kimball |

This matter is before the court on Petitioner Jarvis Charlie Cuch's Motion to Amend or Alter Judgment. On October 25, 2018, Petitioner filed a motion under 28 U.S.C. § 2255 to vacate his sentence. On March 18, 2019, the court denied Petitioner's motion. On March 29, 2019, Petitioner filed a motion to have the case reopened or his judgment set aside due to the United States of America's (the "Government") failure to serve him with a copy of its response to his § 2255 motion. On April 3, 2019, the court denied Petitioner's motion to reopen the case. Nevertheless, the court directed the Government to serve Petitioner with its response and permitted Petitioner time to file a reply once the Government had done so.

On April 12, 2019, Petitioner filed the present Motion to Amend or Alter judgment. In addition, he filed his reply on April 25, 2019. In both his motion and his reply, Petitioner raised new arguments that had not yet been addressed by the Government. Consequently, the court directed the Government to file a sur-reply responding to those arguments. The Government filed its sur-reply on July 4, 2019.

Now that Petitioner's arguments have been fully addressed by the Government, the court issues the following Memorandum Decision and Order denying Petitioner's Motion to Amend or Alter Judgment.

**DISCUSSION**

Petitioner's motion boils down to two arguments. First, he contends that because the Government failed to serve him with a copy of its response to his § 2255 motion, he was denied his constitutional right to due process. Second, while he concedes that he waived his right to challenge his sentence in his plea agreement, he avers that the plea agreement does not preclude him from challenging his conviction.

As the court concluded in its April 3, 2019 Memorandum Decision and Order [Dkt. No. 10], Petitioner's first argument is without merit. The Tenth Circuit has opined that "[a] defendant is not entitled to relief from the denial of a § 2255 petition based on the government's failure to serve him with its response unless he can demonstrate that he was prejudiced by that failure." *United States v. Braimah*, 559 F. App'x 698, 700 (10th Cir. 2014). Because Petitioner has failed to establish that he was prejudiced, the court need not explore this argument any further.

As to Petitioner's second argument, although more compelling than the first, the court finds it equally unavailing. Preliminarily, Petitioner argues that he does not attack his sentence, only his conviction. However, in Petitioner's original motion to set aside his sentence under § 2255, he specifically attacked *both* his sentence and his conviction. *See* Dkt. No. 1-1 at 2, 4, and 11. The court is therefore wary of Petitioner's attempt to pivot and recharacterize the relief that he originally sought. With this in mind, the court will proceed with its analysis regarding the substance of Petitioner's argument.

The first question a court must resolve when a petitioner collaterally attacks his conviction or sentence despite having waived his right to do so in a plea agreement is whether the waiver is enforceable. *United States v. Pam*, 867 F.3d 1191, 1200 (10th Cir. 2017). To ascertain whether a plea agreement waiver is enforceable, courts examine "(1) whether the disputed [collateral attack] falls within the scope of the waiver of [collateral attack] rights [,] (2) whether the defendant knowingly and voluntarily waived his [collateral attack] rights[,] and (3) whether enforcing the waiver would result in a miscarriage of justice." *Id.* at 1200–01 (alterations in original) (quoting *United States v. Hahn*, 359 F.3d 1315, 1325 (10th Cir. 2004)). To determine whether the collateral attack falls within the scope of the waiver, courts "apply principles of contract law and examine the plain language of the plea agreement." *Id.* at 1201 (citing *United States v. Taylor*, 413 F.3d 1146, 1151 (10th Cir. 2005)).

For the first prong, Petitioner relies heavily on the Tenth Circuit's holding in *Pam*. In that case, the petitioner had signed a plea agreement that included a waiver on collateral attacks. *Id.* Importantly, the waiver provided:

> [T]he Defendant agrees to waive any collateral attack to the Defendant's *conviction(s)* pursuant to 28 U.S.C. § 2255, except on the issue of counsel's ineffective assistance in negotiating or entering this plea or this waiver.

*Id.* (emphasis in original). The court concluded that the waiver only precluded the defendant from attacking his conviction, not his sentence. *Id.* The court therefore held that the district court had erred in dismissing the defendant's § 2255 motion based on the wavier. *Id.*

This case involves the reverse situation. Here, Petitioner's waiver mentions the term "sentence" but does not explicitly state the term "conviction." Petitioner's waiver provides, in relevant part:

> (2)  I also knowingly, voluntarily, and expressly waive my right to challenge my sentence, unless the sentence imposed is greater than the sentence set forth in this

3

> agreement, in any collateral review motion, writ or other procedure, including but not limited to a motion brought under 28 U.S.C. § 2255, except on the issue of ineffective assistance of counsel.

Although Petitioner's waiver may appear to be essentially the same as the waiver at issue in *Pam*, Petitioner's waiver contains an additional paragraph shortly after the preceding paragraph that is critical to resolving Petitioner's motion. That subsequent paragraph reads:

> (4) I further understand and agree that the word "sentence" appearing throughout this waiver provision is being used broadly and applies to *all* aspects of the Court's sentencing authority, including, but not limited to: (1) sentencing determinations; (2) the imposition of imprisonment, fines, supervised release, probation, and any specific terms and conditions thereof; and (3) any orders of restitution.

(emphasis added). This additional paragraph renders the present case distinguishable from *Pam*. In Petitioner's plea agreement, the plain language dictates that the term "sentence" is meant to be defined and applied broadly. Thus, even though the specific term "conviction" is not mentioned in Petitioner's plea agreement, his conviction relates to and is an aspect of the court's sentencing authority. Moreover, "[c]onvictions and accompanying sentences are two sides of the same coin. No sentence could exist without an underlying conviction. And a conviction without a sentence would be meaningless." *Mkt. v. City of Garden City, Kansas*, 723 F. App'x 571, 574 (10th Cir. 2017). Therefore, based on the plain language of Petitioner's plea agreement, the court concludes that Petitioner's collateral attack on his conviction falls within the scope of the waiver of his collateral attack rights.

As for the second prong, Petitioner does not contend that he unknowingly or involuntarily entered into the plea agreement, and the facts demonstrate that he willingly waived his rights by entering into the agreement. Accordingly, the second prong weighs in favor of enforceability.

Lastly, under the third prong, the court is persuaded that enforcing the waiver would not constitute a miscarriage of justice. Indeed, Petitioner received precisely the deal that he bargained for. Under the charges contained in Petitioner's Indictment, he faced a statutory maximum sentence of life in prison. When he entered into the plea agreement with a stipulated sentence pursuant to 11(c)(1)(C) of the Federal Rules of Criminal Procedure, Petitioner elected to assume certain risks and waived certain rights in exchange for a degree of certainty regarding the length of his sentence. Given that Petitioner sought that added certainty by entering into the plea agreement and waiving certain collateral attack rights, Petitioner cannot now argue that enforcing that agreement would be a miscarriage of justice. Therefore, the third prong also supports the enforceability of the waiver in Petitioner's plea agreement.

Because the three prongs weigh heavily in favor of enforceability, the court concludes that Petitioner's plea agreement waiver is enforceable. As such, Petitioner is precluded from bringing a § 2255 motion to attack either his sentence or his conviction.

As a final matter, the court finds it necessary to reiterate the fact that the Tenth Circuit has previously found an intervening change in the law to be insufficient in overcoming a plea agreement. In *United States v. Porter*, 405 F.3d 1136, 1145 (10th Cir. 2005), the court opined:

> The essence of plea agreements . . . is that they represent a bargained-for understanding between the government and criminal defendants in which each side foregoes certain rights and assumes certain risks in exchange for a degree of certainty as to the outcome of criminal matters. *One such risk is a favorable change in the law*. To allow defendants or the government to routinely invalidate plea agreements based on subsequent changes in the law would decrease the prospects of reaching an agreement in the first place, an undesirable outcome given the importance of plea bargaining to the criminal justice system.

(emphasis added). This reasoning only further supports the court's decision to enforce Petitioner's plea agreement wavier.

## CONCLUSION

Based on the foregoing analysis, Petitioner's Motion to Amend or Alter Judgment is hereby DENIED, and this case will remain closed.

DATED this 3rd day of October, 2019.

BY THE COURT:

_____
DALE A. KIMBALL
United States District Judge